A.J. Bohner
ISB #1376
BOHNER LAW OFFICE
6061 Tonkin Drive
Post Office Box 16789
Boise, ID 83715-6789
Telephone: (208) 376-5595
Facsimile: (208) 376-0998

Attorney for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>ASPEN REALTY, INC., d/b/a COLDWELL BANKER ASPEN REALTY,<br><br>    Defendant. | Civil No. CIV 05-355-S-MHW<br><br>ANSWER TO SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT |

    COMES NOW the defendant, ASPEN REALTY, INC., d/b/a COLDWELL BANKER ASPEN REALTY ("Aspen"), by and through its attorney of record, A.J. Bohner, and ANSWERS the Second Amended Complaint for Declaratory Judgment of the plaintiff, ST. PAUL FIRE & MARINE INSURANCE COMPANY ("St. Paul") as follows:

**FIRST DEFENSE**

    1.  The Plaintiff's Second Amended Complaint fails to state any claim upon which relief can be granted.

*ANSWER TO SECOND AMENDED COMPLAINT*
*FOR DECLARATORY JUDGMENT – PAGE 1*

**SECOND DEFENSE**

2. Unless specifically admitted herein, all averments of the Plaintiff's Second Amended Complaint are denied.

**THIRD DEFENSE**

3. Aspen specifically responds to the numbered allegations of the Second Amended Complaint as follows:

4. The Preliminary Statement contained in paragraphs 1 and 2 of St. Paul's Second Amended Complaint neither state facts or allegations in support of St. Paul's claims and Aspen therefore neither admits nor denies those allegations.

5. Aspen admits the allegations contained in paragraphs 3, 4, 5 and 6 of St. Paul's Second Amended Complaint.

6. Aspen admits the allegations contained in paragraph 7 of St. Paul's Second Amended Complaint.

7. Aspen admits the recitations that are purported to quote the actual terms of St. Paul's Second Amended Complaint to the extent that those statements of the policy terms are identical to terms stated in the actual policy. Aspen otherwise denies each and every other statement made in those same paragraphs, particularly those statements that declare or interpret the extent of the policy's coverage.

8. Aspen admits the allegations contained in paragraphs 21 and 22 of St. Paul's Second Amended Complaint.

9. In answer to paragraph 23 of the Second Amended Complaint, Aspen admits that there are allegations contained in the Bafus Second Amended Complaint alleging Aspen acted certain ways; however, denies the characterization by plaintiff and respectfully submits that the document speaks for itself.

10. In answer to paragraph 24 of the Second Amended Complaint, Aspen admits that there are separate counts in the Bafus Second Amended Complaint, but denies the characterization by plaintiff and respectfully submits that the document speaks for itself.

11. In answer to paragraph 25 of the Second Amended Complaint, Aspen admits the same.

12. In answer to paragraphs 26, 27 and 28 of the Second Amended Complaint, Aspen admits that Bafuses assert certain causes of action, but denies the characterization by plaintiff and respectfully submits that the document speaks for itself.

13. In answer to paragraphs 29, 30, 31, 32, 33 and 34 of the Second Amended Complaint, Aspen admits that the Bafuses filed a Consumer Complaint and that certain cited documents are part of that record.  However, Aspen denies the plaintiffs' remaining allegations contained in these paragraphs on the basis that the referenced documents speak for themselves rather than through plaintiff's narrative paraphrasing and interpretations.  Those documents, as stated in those paragraphs of the Second Amended Complaint speak for themselves.

14. Aspen denies the allegations contained in paragraph 35 of St. Paul's Second Amended Complaint on the basis that St. Paul's references to the alleged correspondence between Aspen and the Bafuses is so vague and indefinite that Aspen cannot in good faith make any exact

determination of the specific statements that are being referred to for the purpose of admitting or denying those allegations.

15. Aspen incorporates all previous responses made in this Answer in response to paragraph 36 of St. Paul's Second Amended Complaint.

16. In answer to paragraphs 37 and 38 of the Second Amended Complaint, Aspen admits the same.

17. In answer to paragraph 39 and 40 of the Second Amended Complaint, Aspen denies the same.

18. Aspen denies the allegations of paragraphs 41 and 42 of the Second Amended Complaint, Aspen denies the same.

19. In answer to paragraph 43 of St. Paul's Second Amended Complaint, Aspen incorporates all previous responses made in this Answer.

20. Aspen denies the allegations contained in paragraph 44 of St. Paul's Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

21. Aspen has not engaged in conduct, either alone or in concert with any other person or entity, that constitutes a restraint of trade or unfair trade practice in violation of the Sherman Act or any Idaho statute.

### Second Affirmative Defense

22. Aspen has not engaged in conduct, either alone or in concert with any other person or entity, that constitutes a monopoly or an attempt to exercise monopoly power in violation of the Sherman Act or any Idaho statute.

### Third Affirmative Defense

23. Aspen has not engaged in conduct, either alone or in concert with any other person or entity, that constitutes a violation of the National Association of Realtors Code of Ethics.

### Fourth Affirmative Defense

24. The actions of Aspen that St. Paul alleges in its Second Amended Complaint were undertaken in accordance with applicable Idaho laws governing real estate transactions, were at all times lawful.

### Fifth Affirmative Defense

25. Aspen has not obtained any profits in their dealings with the Bafuses that were unlawful.

### Sixth Affirmative Defense

26. The amount of real estate commissions associated with the Bafuses' real estate transaction in the Chaumont Subdivision were fully disclosed to them prior to the transaction and were lawfully charged and collected.

**Seventh Affirmative Defense**

27. That the Bafuses did execute a Buyer Representation Agreement with Aspen, authorizing Aspen to receive a commission on the transaction, thereby negating any violation of the Sherman Anti Trust Act.

**Eighth Affirmative Defense**

28. Aspen has committed no acts constituting fraud or misrepresentation.

WHEREFORE, Aspen prays for judgment as follows:

1. This Court declare that upon the facts of this case Aspen is afforded coverage under St. Paul's insurance policy; that St. Paul has a duty to defend Aspen; and that St. Paul has a duty to indemnify Aspen;

2. Aspen be awarded its costs and attorney fees in defending this action, and

3. Such other relief as the Court deems just and equitable in the premises.

Respectfully submitted this 28th day of July, 2006.

BOHNER LAW OFFICE

By: /s/ A.J. Bohner
A.J. Bohner
Attorney for Defendant Aspen Realty, Inc.,
d/b/a Coldwell Banker Aspen Realty

*ANSWER TO SECOND AMENDED COMPLAINT*
*FOR DECLARATORY JUDGMENT – PAGE 6*

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

    lch@moffatt.com (Larry C. Hunter)

    cbannon@agdglaw.com (Christopher J. Bannon)

And, I hereby certify that I have mailed by United States Postal Service the foregoing documents(s) to the following non-CM/ECF Registered Participant(s):

    [NONE]

DATED: July 28, 2006.

                                      /s/   A.J. Bohner
                                      A.J. Bohner