
Larry C. Hunter, ISB No. 1989
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho 83701
Telephone (208) 345-2000
Facsimile (208) 385-5384
lch@moffatt.com

Christopher J. Bannon
ARONBERG, GOLDGEHN, DAVIS & GARMISA
330 North Wabash Avenue, Suite 3000
Chicago, IL 60611
Telephone (312)828-9600
Facsimile (312) 222-6375
cbannon@agdglaw.com

Attorneys for Plaintiff St. Paul Fire & Marine
Insurance Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>vs.<br><br>ASPEN REALTY, INC., d/b/a COLDWELL BANKER ASPEN REALTY,<br><br>                    Defendant. | Civil No. CIV 05-355-S-MHW<br><br>**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff St. Paul Fire & Marine Insurance Company ("St. Paul"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.1 of Civil Practice before the United States District Court for the District of Idaho, respectfully requests that this Court grant summary

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1**

judgment in its favor on all Counts of its Second Amended Complaint for Declaratory Judgment. In support of this Motion, St. Paul states as follows:

1. St. Paul has no duty to defend or indemnify Defendant, Aspen Realty, Inc., d/b/a Coldwell Banker Aspen Realty ("Aspen") against a lawsuit filed by Robert Bafus and Renae Bafus (the "Bafuses") because the allegations contained in the underlying complaint do no fall within the coverage of the Real Estate Professional Services Liability Protection Policy issued to Aspen under Policy No. GL00639156, effective March 27, 2005 through March 27, 2006 (the "Policy").

2. The Bafuses filed the underlying action, entitled *Robert Bafus and Renae Bafus, Individually and as members and Representatives of a Class of Similarly Situated Persons v. Aspen Realty, Inc. d/b/a Coldwell Banker-Aspen Realty, et al.*, Case Number 04-121-C-BLW in the United States District Court for the District of Idaho (The "Bafus Litigation"), and that case is pending at this time.

3. In the Bafus Litigation, the Bafuses seek the return of commissions Aspen charged them in the sale of real property. The Bafuses claim that Aspen violated §1 of the Sherman Antitrust Act (Count I) and the Idaho Competition Act, I.C. §§48-101, *et seq.* (Count II) by restraining trade and engaging in illegal tying and price-fixing, allowing Aspen to create a monopoly position.

4. Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment should be entered in favor of St. Paul on all counts of its Second Amended Complaint for Declaratory Judgment because the pleadings, discovery and admissions on file show that there is no genuine issue of material fact and that St. Paul is entitled to a judgment as a matter of law.

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2**

5.     Specifically, St. Paul does not owe a duty to defend Aspen for the following reasons:

   a.  In the pending Complaint in the Bafus Litigation, the Bafuses allege only claims for violations of antitrust and restraint of trade laws, and the Policy excludes coverage for loss that results from actual or alleged violations of such laws;

   b.  The Bafuses' claim was first made against Aspen no later than December 2000, long before St. Paul provided insurance coverage to Aspen, and therefore does not constitute a claim first made during the policy period;

   c.  Any loss from the Bafus Litigation would result from Aspen's fees, commissions or other charges for its services, and the Policy does not afford coverage for such loss; and

   d.  Aspen knew about the wrongful acts alleged in the Bafus Amended Complaint before March 27, 2001, when St. Paul first provided professional services liability protection to Aspen, and the Policy does not cover loss that results from such acts.

6.     Because St. Paul does not owe any duty to defend Aspen in the Bafus Litigation, it does not owe a duty to indemnify Aspen for any resulting settlement or judgment in that suit.

7.     Moreover, because St. Paul does not owe any duty to defend Aspen in the Bafus Litigation, St. Paul is entitled to reimbursement from Aspen for any amounts that Aspen requests St. Paul pay on behalf of Aspen for the defense of the Bafus Litigation.

8.     In further support of its Motion for Summary Judgment, St. Paul submits its separate Rule 56.1(A)(3) Statement of Uncontested Material Facts, its Memorandum of Law in Support of its Motion for Summary Judgment, and the Affidavit of Christopher J. Bannon and attached exhibits. Each of these is incorporated by reference herein in further support of St. Paul's Motion for Summary Judgment.

WHEREFORE, St. Paul respectfully requests that this Court grant the following relief:

A. Grant summary judgment in favor of St. Paul and against Aspen on all counts of St. Paul's Second Amended Complaint for Declaratory Judgment;

B. Enter a declaratory judgment on Count I of St. Paul's Second Amended Complaint finding and declaring that St. Paul has no duty to defend Aspen for the Bafus Litigation;

C. Enter a declaratory judgment on Count II of St. Paul's Second Amended Complaint finding and declaring that St. Paul has no duty to indemnify Aspen for any resulting settlement or judgment the Bafus Litigation;

D. Enter a declaratory judgment that St. Paul is entitled to reimbursement from Aspen for any and all amounts Aspen requests be paid on its behalf in the defense of the Bafus Litigation.

E. Grant such other and further relief as this Court deems just and appropriate.

Dated this 28th day of August, 2006.

ST. PAUL FIRE & MARINE INSURANCE CO.

By: /s Christopher J. Bannon
Christopher J. Bannon
Aronberg Goldgehn Davis & Garmisa
330 North Wabash Avenue, Suite 3000
Chicago, Illinois 60611
(312) 828-9600

and

Larry C. Hunter, ISB No. 1989
Moffatt, Thomas, Barrett, Rock &
Fields, Chartered
101 S. Capitol Blvd., 10th Floor
Boise, Idaho 83701
Telephone: (208) 345-2000

*Attorneys for Plaintiff*

403148.V1

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of August, 2006, I caused a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

B. Newal Squyres
Robert A. Faucher
Kevin C. Braley
HOLLAND & HART, L.L.P.
101 South Capitol Boulevard, Suite 1400
Post Office Box 2527
Boise, Idaho 83701-2527

Christopher J. Bannon
Howard J. Fishman
ARONBERG, GOLDGEHN, DAVIS & GARMISA
One IBM Plaza Suite 3000
Chicago, Illinois 60611

_/s/ Larry C. Hunter_
Larry C. Hunter