IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, | ) ) | |
| | ) | Case No. CV 05-355-S-MHW |
| Plaintiff, | ) ) | |
| | ) | **ORDER** |
| v. | ) ) | |
| ASPEN REALTY, INC., d/b/a COLDWELL BANKER ASPEN REALTY | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The parties have filed cross-motions to alter or amend the judgment entered on December 27, 2006 (Docket No. 24) and the decision accompanying it (Docket No. 23). For the following reasons, the Court GRANTS St. Paul's motion (Docket No. 26) and DENIES Aspen Realty's motion (Docket No. 25).

The Memorandum Decision and Order (Docket No. 23) will be amended to reflect the Court's revised conclusion that St. Paul had no duty to defend Aspen Realty on the Real Estate Settlement Procedures Act (RESPA) claim in the underlying *Bafus* litigation.[1] Accordingly, the Court's will grant St. Paul original motion for summary judgment in its entirety and will enter

---

[1] The Court's previous decision sets forth the history of the underlying litigation as well as the instant case in detail. *See* Mem. Dec. and Order, Docket No. 23 at 1–5.

**Order - 1**

judgment in favor of St. Paul.

## Applicable Standard

Federal Rule of Civil Procedure 59(e) allows a court to exercise its discretion to alter or amend its judgment upon a motion of the parties, but discretion must be balanced between finality and the need to render a just decision on the basis of the law and the facts.  While the parties couch their motions as ones to alter or amend the previous Memorandum Decision and Judgment, the motions are basically asking the Court to reconsider its prior decision.  If it is determined that a prior decision should be reexamined to correct a manifest error, the Court has considerable discretion in reconsidering the issue.  *See Sissoko v. Rocha*, 440 F.3d 1145, 1153–54 (9th. Cir. 2006).

## Discussion

**I.**      **St. Paul's Motion**

After further consideration, the Court now concludes that the RESPA claim did not create a duty to defend in the *Bafus* litigation.  The same analysis that the Court applied to the other claims when it found no duty to defend, likewise apply to the RESPA claim.

Aspen Realty opposes St. Paul's motion.  It asserts that the Court may not consult extrinsic evidence[2] when it determines whether the RESPA claim triggered St. Paul's duty to defend.[3]  There are several problems with this assertion.  First, as discussed below, it is not correct.  Courts *may* consider extrinsic evidence in certain circumstances, and those circumstances are present in this case.  Moreover, the extrinsic evidence in this case establishes

---

[2]      In this context, "extrinsic evidence" means evidence outside of the *Bafus* complaint and the insurance policy.

[3]      Aspen Realty does not challenge the Court's consultation of extrinsic evidence in the context of the other claims.

**Order - 2**

that Aspen had written notice of the *Bafus* plaintiffs' claims before the policy period began.

Second, even if Aspen Realty's assertion were correct and the Court was limited solely to the

*Bafus* complaint and the policy, Aspen still would not prevail.  The complaint and the policy

reveal that no duty to defend exists.

     The Court will address each issue in turn.

### A.    The Court may consider the extrinsic evidence in question because it does not relate to the merits of the *Bafus* plaintiffs' action and it is undisputed.

     Because the *Bafus* litigation was filed in federal court, which uses notice pleading, the

cases from states with code pleading systems that Aspen Realty cited in its briefing – *Gebrayel*

*v. Transamerica Title Ins. Co.*, 88 P.2d 83, 86 (Or. Ct. App. 1995) and *Fitzpatrick v. Amer.*

*Honda Motor Co.*, 575 N.E. 2d 90, 91–92 (N.Y. 1991) – are inapposite.  States with code

pleading systems, in which all relevant facts *must* be pleaded in a complaint, follow stricter rules

than those jurisdictions that use notice pleading.  *See, e.g., Ross Island Sand & Gravel Co. v.*

*Gen. Ins. Co. of Amer.*, 472 F.2d 750, 752 (9th Cir. 1973) (discussing Oregon's rules and

comparing them to federal rules).[4]

     When notice pleading rules apply, as they do in federal court,[5] "a plaintiff need not allege

in his complaint all the facts giving rise to his cause of action," and may assert claims "in broad,

general terms."  *Id.*  Thus, the complaint alone "may not provide an insurance carrier with

---

[4]    Even in such systems, however, exceptions still exist and the evidence in question might well fall into one of those exceptions.  *See id.* at n.2 (describing exceptions in Oregon); *Cf.* 1 INS. CLAIMS & DISP. 4TH § 4:4 *Insurer's refusal to defend based on existence of extrinsic facts* (2007) (discussing exceptions generally, but not distinguishing between notice and code pleading).

[5]    Idaho also follows a notice pleading system.  *See Hoyle v. Utica Mutual Ins. Co.*, 48 P.3d 1256, 1261 (Id. 2002) (*quoting Kootenai County v. W'ern Cas. & Surety Co.*, 750 P.2d 87, 89–90 (Id. 1988)). Accordingly, the analysis would not differ if the claims had been filed in state court.

Order - 3

enough information to permit an informed judgment on whether or not he must defend." *Id.* When the complaint does not provide sufficient information, the insurance company and the court need not "avert [their] eyes" from undisputed facts in the record that relate to an insurer's duty to defend and that do not go to the merits of the underlying complaint. *Id.*; 1 INS. CLAIMS & DISP. 4TH § 4:4 *Insurer's refusal to defend based on existence of extrinsic facts* (2007) (discussing appropriateness of considering facts "that are not reflected in the complaint and are unrelated to the merits of the plaintiff's action").

The extrinsic evidence establishes that Aspen Realty received written notice, before its policy with St. Paul began, that the *Bafus* plaintiffs were disputing the commission Aspen charged.[6] This evidence clearly falls into the category described above. First, it does not go to the merits of the *Bafus* plaintiffs' claims. *When* Aspen first learned of the plaintiffs' claims has nothing to do with whether those claims, considered on their merits, would ultimately be successful. Second, it is undisputed, as Aspen acknowledges, that it had learned of the plaintiffs' problems with the commission, in writing, before coverage began. The only dispute – which this Court resolved in its previous decision and which Aspen has not challenged – was the legal conclusion to be drawn from the evidence. *See* Mem. Dec. & Order, Docket No. 23 at 11–13.

In its decision, the Court determined that the undisputed facts led to the legal conclusion that Aspen was placed on notice of claims involving the commissions before policy coverage began. *Id.* Because of this, the Court reasoned that St. Paul had no duty to defend the non-RESPA claims because the applicable policy excluded claims about which Aspen had received written notice before policy coverage began. *Id.* (*citing* Docket No. 12, Attach. 2 at 28).

---

[6]     The Court notes that Aspen Realty has not challenged the Court's consideration of these facts with respect to the non-RESPA claims.

**Order - 4**

Although the Court originally excepted the RESPA claims from its analysis, it appears to have done so in error.  Aspen Realty is unable to point to nor can the Court now find any meaningful distinction between the other claims and the RESPA claims in this context.  To the contrary, all the claims revolved around the commissions.  Thus, the notice Aspen Realty received before the policy period that it was improperly charging commissions, a cause of action arguably under RESPA, would except that type of claim from coverage just as it excepted the other claims.  *Id.*

> **B.**     **A comparison of the *Bafus* complaint and the policy reveals that St. Paul had no duty to defend the RESPA claim**.

The insurance policy did not cover loss resulting from commissions, as this Court correctly determined in its previous decision.  *See* Mem. Dec. and Order, Docket No. 23 at 9–11 (*citing* Docket No. 12, Attach. 2 at 33).  As with the other claims in the underlying litigation, the basis of the RESPA claim was the commission Aspen Realty charged.  *See Bafus* Complaint, Docket No. 26 at 25–26 in Case No. 04-121.  Thus, the policy did not cover the RESPA claim. The Court could end its analysis here.  However, in the interest of thoroughness, it will consider the next argument.

## II.     Aspen Realty's Motion

In the briefing supporting its motion, Aspen Realty correctly notes that the Court's previous decision granted St. Paul's Motion for Summary Judgment only in part.  The previous decision denied the motion with respect to the RESPA claim.  The Court's statements that it was granting judgment to St. Paul in full were thus incorrect.

Today, however, the Court has altered its decision to include the RESPA claim in its analysis of the other claims.  It therefore grants summary judgment in favor of St. Paul in full.

**Order - 5**

Accordingly, it will issue an Amended Judgment in favor of St. Paul in its entirety.   Aspen Realty's Motion to Alter or Amend (Docket No. 25) will be denied.

**Conclusion**

For the foregoing reasons, the Court GRANTS St. Paul's motion (Docket No. 26) and applies its analysis in the Memorandum Disposition and Order (Docket No. 23) to all the *Bafus* claims, including the RESPA claim.  In light of this decision, the Court DENIES Aspen Realty's Motion to Alter or Amend (Docket No. 25).



DATED: July 27, 2007

_____
Honorable Mikel H. Williams
Chief United States Magistrate Judge